# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GORDON SIU, on behalf of himself and others similarly situated, | : :  Case No. : |
| Plaintiff, | :  **COMPLAINT – CLASS ACTION** : |
| v. | :  **DEMAND FOR JURY TRIAL** : |
| AMERIMEX SOLUTIONS, INC. and AMERIMEX COMMUNICATIONS CORP., | : : : : |
| Defendants. | : |

## Preliminary Statement

1. Plaintiff Gordon Siu brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

2. In violation of the TCPA, AmeriMex Solutions, Inc. and AmeriMex Communications Corp. (collectively "Defendants" or "AmeriMex") initiated automated telemarketing calls to Mr. Siu's cellular telephone number using an automated dialing system, which is prohibited by the TCPA.

3. Mr. Siu never consented to receive these calls. Because automated dialing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Siu brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

4. A class action is the best means of obtaining redress for the Defendants' wide-scale illegal telemarketing, and is consistent with both the private right of action afforded by the TCPA and the goals of fairness and efficiency embodied in Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Gordon Siu is a resident of the State of California.

6. Defendant AmeriMex Solutions, Inc. is a Georgia corporation with its principal office in Roswell, Georgia in this District. Its registered agent is David S. Cooper, 1600 Parkwood Circle, S.E., Suite 400, Atlanta, GA 30339. Its secretary, CFO and CEO is Don Aldridge, 200 Mansell Ct. E, Suite 105, Roswell, GA 30076.

7. Defendant AmeriMex Communications Corp. is a Georgia corporation with its principal office in Dunedin, Florida. Its registered agent is Fas Tek Corporate Services Inc., 1725 Windward Concourse, Suite 150, Fulton,

Alpharetta, GA 30005. Its secretary and CFO is Don Aldridge, 200 Mansell Ct. E, Suite 105, Roswell, GA 30076.

## Jurisdiction & Venue

8. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA"), codified as 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a nationwide class, which will result in at least one class member from a different state.

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012).

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls were made from this District.

## TCPA and Text Messaging Background

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing can be an intrusive invasion of privacy." Telephone

Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).

13. *Mims* explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Mims* at 372 (citing 105 Stat. 2394). Accordingly, Congress found that:

> ***Banning such automated or prerecorded telephone calls*** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, ***is the only effective means of protecting telephone consumers*** from this nuisance and privacy invasion.

105 Stat. 2394 at § 14 (emphasis added).

14. Indeed, as the United States Supreme Court recently held in a different context, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Riley v. California*, __ U.S. __, 134 S. Ct. 2473, 2494-95 (2014).

15.     In fact, the TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

16.     The TCPA categorically bans entities from initiating telephone calls using an automated telephone dialing system ("ATDS") to any telephone number assigned to a cellular telephone service.  47 U.S.C. § 227(b)(1); 47 C.F.R. § 64.1200(a)(1)(iii).

17.     A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. It is well-settled that an SMS message is a call for TCPA purposes.

18.     SMS calls often cost their recipients money, because cell phone users must frequently pay their wireless service providers either per message received or for a limited monthly allotment of messages, regardless of whether or not the message is authorized.

19.     Many commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six-digit extensions, that can be used to address SMS messages to mobile phones.  Short codes are generally easier to remember and are

used by consumers to (for instance) vote on television contestants or donate to charity.

20. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

## Factual Allegations

21. Plaintiff Siu is a "person" as defined by 47 U.S.C. § 153(39).

22. To generate new business, AmeriMex relies on text message advertising that it engages in *en masse*.

23. Despite having no prior relationship with AmeriMex, Plaintiff received the following text messages on his cellular telephone number (which he has had for years) on September 21, 2017 and October 13, 2017, respectively:



24. The Caller ID for the text message was "224-96."

25. "224-96" is an SMS short code, which is used for text message broadcasting to send out advertisements *en masse*.

7

26. The short code "224-96" is registered in the U.S. Short Code Directory to AmeriMex.

27. The product advertised in the spam texts, Mi Llamada, is listed in the iTunes app store as belonging to Defendant AmeriMex Communications Corp.

28. The foregoing facts, together with the geographic distance between Mr. Siu (California) and AmeriMex (Georgia), the impersonal content of the text messages, and the fact that these calls were part of a nationwide telemarketing campaign, demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

29. The purpose of these calls was to generate business for AmeriMex.

30. Plaintiff is not a customer of AmeriMex and had not provided it with his personal information or telephone number or otherwise consented to receive telemarketing from it. Plaintiff is not now and has never been a native or fluent Spanish speaker or a user of Spanish-language services.

31. In fact, before filing this lawsuit, Plaintiff wrote to Defendant AmeriMex Communications Corp. asking if it had his prior express written consent to make the calls. As CEO of AmeriMex Solutions Inc. [sic], Don Aldridge replied but did not provide any evidence of Plaintiff's consent to receive text messages from AmeriMex (or anyone else).

32. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying nuisance that disturbed their solitude.

## Class Action Allegations

33. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons and entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons within the United States: (a) to whom AmeriMex and/or a third party acting on its behalf made one or more non-emergency telephone calls; (b) promoting AmeriMex's goods or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of the filing of this Complaint and ends at the date of trial.

35. Excluded from the class are counsel, AmeriMex, any entities in which AmeriMex has a controlling interest, AmeriMex's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. The class as defined above is identifiable through phone records and phone number databases.

37. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable. Indeed, the U.S. Short Code Directory lists all of the wireless carriers below as supporting the short code "224-96." Thus, any customer of any of the following carriers could be targeted by the mass SMS campaign conducted by AmeriMex:

**Supported Wireless Carriers:** 

- Cincinnati Bell
- Leap Wireless
- United States Cellular Corp
- Verizon
- T-Mobile
- Alltel-Allied
- AT&T
- Cellular South
- IWireless
- Metro PCS
- Virgin Mobile
- Boost Mobile
- Union Telephone
- nTelos
- TracFone (AT&T)
- West Central Wireless
- Bluegrass Cellular
- Carolina West Wireless
- Rural Independent Network Alliance
- East Kentucky Network
- Illinois Valley Cellular
- Inland Cellular
- Nex Tech Communications
- Pine Cellular
- DTC Wireless
- Boost-CDMA
- CellCom
- Immix
- ECIT
- Alaska Communications Systems (ACS)
- United Wireless
- GCI Communications
- Thumb Cellular
- Cross Wireless
- Chat Mobility
- Northwest Missouri Cellular
- Pioneer Cellular
- Panhandle Wireless
- Element Mobile
- Golden State Cellular
- Viaero Wireless
- Plateau Wireless
- MTPCS
- Cellular One
- Cleartalk (Flat Wireless)
- Epic Touch
- Mosaic Telecom
- Mobi
- PCS
- Peoples Wireless
- Duet IP
- Chariton Valley Cellular
- SouthernLINC
- MobileNation/SI Wireless
- MTA Wireless/Matanuska
- Kenai SRT Communications
- MetroPCS/T-Mobile
- US Aio Wireless
- Sagebrush Cellular
- Google Voice

10

38. Plaintiff is a member of the class.

39. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether AmeriMex violated the TCPA by calling individuals with automated text messages;

    b. Whether AmeriMex engaged the use of an ATDS;

    c. Whether AmeriMex placed calls without obtaining the recipients' prior express invitation or permission; and

    d. Whether Plaintiff and the class members are entitled to statutory damages as a result of AmeriMex's actions.

40. Plaintiff's claims are typical of the claims of class members.

41. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. The actions of AmeriMex are generally applicable to the class as a whole and to Plaintiff.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question

concerns identification of class members, which will be ascertainable from records maintained by AmeriMex and/or its agents.

44.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case. Indeed, Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

45.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46.     The foregoing acts and omissions of AmeriMex and/or its affiliates, agents, and/or other persons or entities acting on AmeriMex's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the class using an ATDS.

47.     As a result of TCPA violations by AmeriMex and/or its affiliates, agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting AmeriMex and/or its affiliates, agents, and/or other persons or entities acting on AmeriMex's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

49. AmeriMex's violations were negligent and/or knowing.

## Relief Sought

For himself and all class members, Plaintiff request the following relief:

A. Certification of the proposed class;

B. Appointment of Plaintiff as representative of the class;

C. Appointment of the undersigned counsel as counsel for the class;

D. A declaration that AmeriMex and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining AmeriMex and its affiliates, agents, and other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the class of damages, as allowed by law, including treble damages for any proven knowing or willful violations;

G.   Leave to amend this Complaint to conform to the evidence presented at trial; and

H.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

### CERTIFICATION OF COUNSEL

I hereby certify in accordance with U.S.D.C. N.D. Ga. Local Rule 7.1D that the foregoing CLASS ACTION COMPLAINT has been prepared using Times New Roman, 14-point font, as required in U.S.D.C. N.D. Ga. Local Rule 5.1C.

Dated: November 8, 2017   GORDON SIU, on behalf of himself and others similarly situated,

By:

s/ *Steven H. Koval*
Steven H. Koval
Georgia Bar No. 428905

**THE KOVAL FIRM, LLC**
3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
shkoval@aol.com